IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILBERT BOYD, as Personal Representative of the Estate of CORNELL BOYD, deceased, </br></br>Plaintiff, </br></br>v. </br></br>MICAH ANGEL GOMEZ and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 3:13-CV-873-WKW </br>[WO] |

## MEMORANDUM OPINION AND ORDER

Defendant Micah Angel Gomez removed this action from the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(b), with the consent of Defendant State Farm Mutual Automobile Insurance Co. Before the court is Plaintiff's motion to remand (Doc. # 8), which Defendants oppose (Docs. # 16–17). The sole issue presented by the notice of removal and the motion to remand is whether Mr. Gomez was domiciled in Alabama or Florida for purposes of § 1332(a)'s complete-diversity requirement. Based upon the arguments of counsel, the relevant law, and the record as a whole, the court finds that Mr. Gomez was at all

relevant times a citizen of Florida. As a result of this finding, there is complete diversity of citizenship, and Plaintiff's motion to remand is due to be denied.[1]

## I. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II. BACKGROUND

This action arises out of a motor vehicle collision occurring between Plaintiff's decedent, Cornell Boyd, and Defendant Micah Angel Gomez on May 11, 2013, in Macon County, Alabama. The Complaint alleges that Mr. Gomez's "negligent and/or wanton conduct was a proximate cause of Plaintiff's decedent's injuries and damages resulting in his death." (Compl. ¶ 6.)

---

[1] Plaintiff filed an untimely reply brief, requesting jurisdictional discovery on the issue of Mr. Gomez's domicile. (Doc. # 20.) Whether to permit jurisdictional discovery when subject matter jurisdiction is in dispute is a matter within the district court's sound discretion. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits."). Plaintiff's request is denied, as there is an adequate factual basis for ascertaining Mr. Gomez's domicile.

Plaintiff filed this action in the Circuit Court of Macon County, Alabama, on October 30, 2013. Seeking compensatory and punitive damages in unspecified amounts, Plaintiff brings claims against Mr. Gomez under the Alabama Wrongful Death Act and for negligence, wantonness, and violations of the rules of the road. (Compl. ¶¶ 11–27.) Plaintiff also asserts a claim against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), the decedent's automobile insurer, asserting that State Farm failed to pay for Plaintiff's decedent's "bodily injuries and damages" under the policy's uninsured/underinsured motorist provisions.[2] (Compl. ¶¶ 31–33.)

Mr. Gomez, with the consent of State Farm, removed this action to the United States District Court for the Middle District of Alabama on December 2, 2013, on the basis of diversity jurisdiction. Mr. Gomez asserts that there is complete diversity of parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties agree that Plaintiff's decedent is an Alabama citizen, *see* 28 U.S.C. § 1332(c)(2),[3] and that State Farm is a citizen of Illinois.[4] However, the parties

---

[2] By stipulation, a third defendant was dismissed prior to removal.

[3] When the party is the legal representative of the decedent's estate, the relevant citizenship is that of the decedent, not the legal representative. 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.").

[4] A corporation's citizenship derives from its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). State Farm was incorporated in Illinois, where it also has its principal place of business. (*See* State Farm's Answer.)

3

disagree whether Mr. Gomez is a Florida or an Alabama citizen for purposes of diversity jurisdiction.[5]  *See* 28 U.S.C. § 1332(a)(1).  Mr. Gomez attests that "[s]ince January 2012, at all times, [he] ha[s] been and [is] a permanent resident of the State of Florida," and, therefore, complete diversity exists.  (Gomez's Aff. 1 (Nov. 2013); *see also* Gomez's Aff. 2 (Jan. 2014) (attesting that since his move to Florida in 2012, Mr. Gomez has been "a resident and citizen of the State of Florida").)  He further attests that he has "no plans to change [his] permanent residence from the State of Florida" and that he has "not lived in nor had a residence in Alabama since 2011, well before this lawsuit was filed."  (Gomez's Aff. 1 (Nov. 2013).)  Mr. Gomez contends, therefore, that there is complete diversity of the parties.

In his motion to remand, Plaintiff does not dispute that the jurisdictional amount in controversy is met.[6]  He argues, however, that Mr. Gomez is an Alabama citizen, who although attending a master's degree program at Florida State University ("FSU") when this action was commenced and removed, retained his Alabama domicile.  Plaintiff argues, therefore, that there is not complete diversity of the parties.

The record contains the following evidence bearing on Mr. Gomez's domicile.  Mr. Gomez's "hometown" is Enterprise, Alabama.  He graduated from Faulkner

---

[5] As discussed in Part III of this opinion, the relevant dates for assessing diversity jurisdiction in a removed case are the dates of the commencement and removal of the action; however, post-removal events may play a limited role in the analysis when an individual's domicile is at issue.

[6] The preponderance of the evidence demonstrates that the amount in controversy is met.

4

University in Montgomery, Alabama, in 2011.  After graduating from college, he "made the decision to move to Florida." (Gomez's Aff. 1 (Jan. 2014).)  He applied to the master's degree program in information technology at FSU.  He did not "apply to any other schools because [his] primary intent was to live in Florida." (Gomez's Aff. 1 (Jan. 2014).)  He was accepted at FSU, and in January 2012, when he was twenty-five years old, Mr. Gomez moved to Tallahassee, Florida, to earn his master's degree.

    Mr. Gomez has maintained a residence in Florida since moving to Tallahassee in January 2012 and has supported himself financially through his service with the Army National Guard.  He has paid for his schooling at FSU and for his food, lodging, and health insurance with Blue Cross/Blue Shield of Florida.  Mr. Gomez's record of military processing reflects Florida as his state of residence.[7]  Additionally, Mr. Gomez has been registered to vote in the State of Florida since October 3, 2012.

    Mr. Gomez obtained his master's degree in December 2013.  Since that time, he has continued to live in Florida, where he maintains his personal belongings.  He currently has financial accounts with both USAA and Wells Fargo and a documented Florida address with both entities.  Mr. Gomez also has applied for and interviewed for permanent employment with a company located in Tallahassee, Florida.  Mr.

---

[7] The Record of Military Processing is undated, but appears to have been issued at some point after March 1, 2013.

Gomez attests that, "[a]lthough his hometown is in Alabama, he does not intend to return to Alabama." (Gomez's Aff. 2 (Jan. 2014).)

Notwithstanding Mr. Gomez's move to Tallahassee in January 2012 to attend FSU, he kept his Alabama driver's license until January 6, 2014, before relinquishing it for a Florida one. He attests that he did not get a Florida driver's license "earlier simply because [his] previous [Alabama] license had not yet expired, and [he] did not have sufficient funds to justify paying the fee." (Gomez's Aff. (Jan. 2014).) Also, on May 11, 2013, the date of the collision that took the life of Plaintiff's decedent, the Alabama Uniform Traffic Crash Report documents an Enterprise, Alabama home address for Mr. Gomez, not a Florida address. Finally, Mr. Gomez was listed as an additional insured on his father's automobile insurance policy for the policy period January 20, 2013, to June 8, 2013, and that policy gives an Enterprise, Alabama address for Mr. Gomez.

### III.  DISCUSSION

#### A.  The Law on Removal in Diversity Cases

A defendant may remove to federal court a civil action brought in state court where the federal court has original jurisdiction over the action based upon diversity jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists when complete diversity of citizenship exists between the adverse parties and the amount in

controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

**B.** **The Law on Domicile**

An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257–58 (citation and internal quotation marks omitted). For a person's domicile to change, "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely" is required. *Id.* at 1258 (citation and internal quotation marks omitted). Objective facts relevant to one's intent to change his or her domicile include

> location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local professional, civic, religious, or social organizations.

*Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).

Moreover, when a college student's domicile is at issue, courts have recognized that additional principles come into play. The general rule is that "[a] college student retains the domicile of his parents when he goes off to college, absent a showing of the child's change of domicile." *Hamilton v. Accu-Tek*, 13 F. Supp. 2d 366, 369 (E.D.N.Y. 1998) (citing *Scoggins v. Pollock*, 727 F.2d 1025, 1028 (11th Cir. 1984)). Hence, the analysis must "begin[ ] with the assumption that an out-of-state college student lacks the intention to remain as a scholar indefinitely, away from his or her permanent home." *Id.* Another relevant factor is whether the student receives "continuing aid and support" from his or her parents. *Id.* at 370 (citing *Mitchell v. Mackey*, 915 F. Supp. 388, 391 (M.D. Ga. 1996) (deeming the parental-support factor as "determinative")). Continuing parental aid and support "bolster the assumption against a change in domicile." *Id.* However, "no single factor is conclusive; instead, a 'totality of evidence' approach is necessary." *Audi Performance & Racing, LLC*, 273 F. Supp. 2d at 1226.

## C. The Law on When Complete Diversity Must Exist

"In order for a case to be removable on the ground of diversity, diversity must exist at the time the state action is commenced."[8] *Roecker v. United States*, 379 F.2d 400, 407 (5th Cir. 1967) (citing *Jackson v. Allen*, 132 U.S. 27 (1889)); *see also MacGinnitie*, 420 F.3d at 1239 (holding in a removal case that "[c]itizenship for diversity purposes is determined at the time the suit is filed"), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Also, "[d]iversity jurisdiction has to exist at the time of removal." *Bujanowski v. Koconte*, 359 F. App'x 112, 113 (11th Cir. 2009) (citing *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002)); *see also Stevens v. Nichols*, 130 U.S. 230, 231 (1889) ("The case was not removable from the state court, unless . . . at the commencement of the action, as well as when the removal was asked, [the defendants] were citizens of some other State than the one of which the plaintiff was, at those respective dates, a citizen."); *Goff v. Michelin Tire Corp.*, 837 F. Supp. 1143, 1144 (M.D. Ala. 1993) ("In order for defendants to be able to remove this case to federal court based on diversity, diversity must have existed at both the time the complaint was originally filed and at the time of removal."). However, when an individual's domicile is at issue, events that post-

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

date the removal "may bear on the sincerity of [that individual's] professed intention to remain but are not part of the primary calculus." *Garcia Perez v. Santaella*, 364 F.3d 348, 350, 354 (1st Cir. 2004) (discussing the relevance of post-suit events for purposes of assessing an individual's domicile in a case originally filed in federal court pursuant to § 1332).

### D. <u>Analysis</u>

The issue is whether Mr. Gomez has shown that he changed his domicile from Alabama to Florida prior to Plaintiff's filing of this lawsuit on October 30, 2013, and the lawsuit's removal on December 2, 2013. Applying the foregoing principles, the court finds that Mr. Gomez has satisfied his burden of demonstrating that during the relevant times, he was physically present in Florida and intended to remain in Florida indefinitely. By the time this action commenced on October 30, Mr. Gomez had enrolled in a graduate-degree program at FSU, had moved to Tallahassee, Florida, to attend FSU, and had lived in Tallahassee for approximately twenty-three months. Plaintiff does not seriously dispute that these facts show Mr. Gomez's physical presence in Florida. Rather, Plaintiff argues that Mr. Gomez cannot show an intent to remain in Florida indefinitely based upon the principle that a student retains the domicile of his parents. This argument is not supported by the evidence, however.

The evidence establishes that Mr. Gomez purposefully limited his graduate-school application to FSU because he wanted to take up residency in Florida. Additionally, after his acceptance and move to Tallahassee, Mr. Gomez purchased health insurance with Blue Cross/Blue Shield of Florida and registered to vote in Florida. Moreover, unlike many college students, Mr. Gomez exercised financial independence. He went to FSU as a twenty-five-year-old adult to earn a graduate degree, while at the same time serving as a second lieutenant in the Army National Guard. The income he earned from his military service allowed him to pay for his food, rent, health insurance, and tuition.

Furthermore, in an affidavit signed on November 29, 2013 (three days prior to the removal of this action), Mr. Gomez attests that he has "no plans to change [his] permanent residence from the State of Florida." (Gomez's Aff. 1 (Nov. 2013).) His expressed intention finds ample support in his actions. Namely, since graduating with his master's degree from FSU in December 2013, he has maintained his residence in Florida and has interviewed for a permanent job with a company located in Tallahassee. He also has obtained a Florida driver's license and has a checking account with a bank in Tallahassee. Although these actions post-date the key dates for assessing diversity of citizenship in a removed action and, thus, "are not part of the

primary calculus," they are "indicative of the sincerity of [Mr. Gomez's] intent to remain in Florida." *Garcia Perez*, 364 F.3d at 350, 354.

With that said, Plaintiff has marshaled some evidence of a contrary intent to change domicile. Plaintiff presents evidence that Mr. Gomez had an Alabama driver's license when this action was commenced and removed, and that, while Mr. Gomez was a student at FSU, his car was insured under his father's automobile insurance policy, which listed an Alabama address for Mr. Gomez. Notwithstanding these facts, the court finds that based upon the evidence in its totality, Mr. Gomez has overcome the presumption that a college student retains the domicile of his parents, has shown that he moved to Florida for more than the purpose of his studies at FSU, and has demonstrated a change of domicile from Alabama to Florida.

In sum, Mr. Gomez has demonstrated that he was domiciled in Florida both at the time this action was commenced and at the time of removal; therefore, Mr. Gomez is a citizen of Florida for purposes of the diversity-of-jurisdiction analysis. Because Plaintiff's decedent is a citizen of Alabama, State Farm is a citizen of Illinois, and Mr. Gomez is a citizen of Florida, there is complete diversity of citizenship. Accordingly, Plaintiff's motion to remand is due to be denied.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's motion to remand (Doc. # 8) is DENIED.

DONE this 12th day of March, 2014.

                                              /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE